UNITED STATES BANRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

IN THE MATTER OF                                                    ) IN PROCEEDINGS UNDER CHAPTER 13

DENNIS M. SAVELA                                                  ) CASE NO. 15-20405
SHARON L. SAVELA


DEBTOR(S)                                                                ) DATE: MARCH 27, 2015


CHAPTER 13 PLAN

1. The Debtor(s) submits all or such portion of his, her, or their future income to the control of the Trustee as is necessary for the execution of the plan. The Debtor(s) or the Debtor's employer shall pay to the Trustee the sum of **$ 670.00** per month for 60 months.

a.   Adequate Protection Payments: In the event this plan proposes to pay the balance of a loan secured by  the debtor's personal property; then prior to the confirmation of this plan,  the debtor must make monthly adequate protection payments directly to the creditor holding the secured claim.  Said payments may be deducted from the payment to be made to the Trustee.  Upon confirmation said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to this plan.

b.   Domestic Support Obligation: The debtor shall pay current domestic support obligations, as defined
    by   11 U.S.C.§101(14A), outside of the plan as directed by any and all applicable state and/or federal
    court  orders.

2  From the payments so received, the Trustee shall make disbursements as follows:

a. PRIORITY CLAIMS:   All claims entitled to priority under 11 U.S.C.§507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C.§1322(a)(2) and (a)(4):
Taxes of **$   5508**                                    due to   **I.R.S.**                    +  **0 %**
Taxes of $ _____ due to _____+ ___%
Other Attorneys Fees   **$ 3000.00**       due to  **Robert B Young**                           + **0 %**

b. <u>SECURED CLAIMS:</u> **Subsequent to** the above payments, payments to secured creditors, whose claims are duly proved and allowed, together with interest, if applicable, as hereinafter set forth

Mortgage arrearage of  $_____due to_____+ ___%
Mortgage arrearage of  $_____due to_____+ ___%
Tax Lien                $_____due to _____+ ___%
Judgment lien or PJR    $_____ due to _____+ ___%
Judgment lien or PJR    $_____ due to _____+___%
Judgment lien or PJR    $_____due to_____+ ___%
Other                   $_____due to _____+____%
Other                   $_____due to _____+ ___%

*The Debtors will continue to make current payments to Rushmore Loan Management Services LLC relative to a first mortgage on their residence located at 35 Margaret Henry Road Danielson CT 06239.*

*The Debtors will continue to make current payments to Bank of America N.A. relative to a second mortgage on their residence located at 35 Margaret Henry Road Danielson CT 06239.*

*The Debtor will continue to make current payments to Bank of America relative to its secured interest in a 2008 Mako Marine Boat.*

The following secured claims have either been deemed unsecured pursuant to bankruptcy court order dated          pursuant to 11 U.S.C. §506(a) or §522(f), or will be deemed unsecured pursuant to 11 U.S.C. §522(f) after motion, notice, hearing, and further order of the courts as follows:

| Lien Holder | Total Claim | Secured Portion | Unsecured Portion |
|---|---|---|---|
| Midland Funding LLC | $5,494.87 | 0 | $5,494.87 |
| GE Money Bank | $5,156.50 | 0 | $5,156.50 |
| FIA Card Services N.A. | $13,373.98 | 0 | $13,373.98 |
| Citibank (South Dakota) | $4,695.38 | 0 | $4,695.38 |
| Chase Bank U.S.A., | $2,897.68 | 0 | $2,897.68 |
| Citibank (South Dakota) | $4,695.38 | 0 | $4,695.38 |
| FIA Card Services, N.A | $21,184.27 | 0 | $21,184.27 |
| Citibank (South Dakota | $4,502.32 | 0 | $4,502.32 |
| Midland Funding LLC. | $4,827.84 | 0 | $,4827.84 |

c. GENERAL UNSECURED CLAIMS:  Pro rata with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed shall be paid as follows:

General unsecured claims , (including the foregoing secured claims which are being treated as unsecured claims by virtue of 11 U.S.C. 506(a) or 522(f)), shall be paid not less than  **25%** plus interest per annum at the federal judgment rate existing on the date the plan is confirmed**.** General unsecured claims which are tax claims shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law.

No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b)(2). The total of all non-classified, general unsecured claims is **$129,000.00**

4. The following residential leases are assumed by the debtors:  *None*

5.  In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6.  With respect to each allowed secured claim:
	a.   The holder of such claim retain the lien securing such claim until the earlier of : (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328; and
	b.  If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and
	c.  The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7.  Payments to the Trustee shall be made in installments conforming to the debtor's payment periods over a period of ***60*** months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided.  The debtor's total plan payments to the Trustee shall be not less than ***$40,200.00***

8.  Title to the debtor's property shall re-vest in the debtor(s) after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account.  However no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9.  The amount of the debtor's attorney's fee already paid outside the plan is **_$3000.00_**. The balance of the debtor's attorney's fees in the amount of **_$3000.00_** shall be paid inside of the plan.

10. Questions regarding this plan should be directed to the attorney for the debtor(s).

| | |
|---|---|
| /s/Dennis M. Savela | /s/ Sharon L. Savela |
| Dennis M. Savela | Sharon L. Savela |

/s/ Robert B. Young  
Robert B. Young, Esq.  
Law Office of Robert B. Young  
559 Hartford Pike, Suite 206  
Dayville, CT 06241  
(860) 779-1978  
(860) 269-3614 (fax)  
Juris #: 07078  
robertbruceyoung@yahoo.com  

March 27, 2015  
Date